# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                        **Case No. 13-CR-99**

**BODIE WITZLIB**
    **Defendant.**

## ORDER

Pro se defendant Bodie Witzlib moves the court for an order for polygraph examinations of various individuals involved in his case, including the investigating law enforcement officers, his former lawyers, the United States Attorney, and the United States Marshal. He also moves for a polygraph examination of himself in order to combat the lies being presented against him; he provides a list of 210 questions he proposes to answer. (R. 138.)

Defendant cites the Fourteenth Amendment, but he provides no specific authority for requiring witnesses, parties, or counsel to submit to lie detector tests. "A fundamental premise of our criminal trial system is that the jury is the lie detector." United States v. Scheffer, 523 U.S. 303, 313 (1998) (internal quote marks omitted); see also id. at 309 ("To this day, the scientific community remains extremely polarized about the reliability of polygraph techniques.").[1]

---

[1] The issue before me is not whether to admit or exclude polygraph evidence, a matter within my discretion, see United States v. Pulido, 69 F.3d 192, 205 (7th Cir. 1995), as no such evidence currently exists. Rather, defendant seeks an order that certain named individuals, including himself, submit to polygraph examinations. He provide no authority for the court to issue such an order; not does he provide a basis for the court to authorize payment for such expert services under the CJA.

**THEREFORE, IT IS ORDERED** that defendant's motion for polygraph examinations (R. 124, 137) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of July, 2014.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge