# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                            **Case No. 13-CR-99**

**BODIE WITZLIB**
        **Defendant.**

## ORDER

On May 18, 2016, I denied defendant Bodie Witzlib's motion for early termination of supervised release. See 18 U.S.C. § 3583(e)(1). On May 25, 2016, defendant filed a motion for reconsideration.

In the reconsideration motion, defendant argues that he was vindictively prosecuted, that the government exaggerated the danger posed by his explosives manufacturing, that the prosecutors and investigating officers engaged in misconduct, and that his original prison sentence was too severe. (Mot. for Recons. [R. 258] at 1-4.) As I indicated in the May 18 order, § 3583(e)(1) does not contemplate that the court will shorten the supervised release term to make up for a too-long prison term. (Decision and Order [R. 257] at 10, citing Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2012).) (R. 258 at 3-4.) Further, I did not deny early termination because defendant's original prison sentence was below the guidelines, as defendant suggests in the reconsideration motion. Rather, I noted the length of the original sentence in response to defendant's disparity argument. (R. 257 at 10.) I denied early termination based on an assessment of defendant's conduct on supervision and the 18 U.S.C. § 3553(a) factors, including the need for mental health treatment. (R. 257 at 4-9.) Defendant's

claims regarding the conduct of the prosecutors and police provide no basis for reconsideration of that assessment.

Defendant argues that if a person cannot gain early termination after attending college, working, caring for family, passing drug tests, and completing programming, as he has, then no one can. (R. 258 at 3.) As explained in the original decision, the court expects those on supervision to follow the rules, abstain from illegal drug use, work or attend school, and attend to family responsibilities. (R. 257 at 4-5, collecting cases.) Defendant failed to establish that his conduct was unusual or extraordinary. Further, as also discussed in the May 18 order, defendant's supervision term has not been without incident, as he was cited for disorderly conduct while passing out flyers at an area middle school. (R. 257 at 5-7.) In his reconsideration motion, defendant accuses the police officers who cited him of corruption and denies he was disorderly in circulating the flyers. (R. 258 at 8 n.6.) But as also discussed in the May 18 order, while this incident did not require revocation or other intervention by the court, it did support continued supervision.[1] (R. 257 at 7-8.)

Finally, defendant denies ever suffering from mental illness. (R. 258 at 4.) He alleges a conspiracy dating back to 2001 involving corrupt government officials and medical personnel to mis-diagnose his physical problems as mental. (R. 258 at 5-7.) The pre-sentence report ("PSR"), to which defendant did not object, discussed defendant's mental health issues in detail. (PSR ¶¶ 66, 70-72, 81-89.) The court also received a psychiatric report from Ron Nieberding, Ph.D. (R. 64.) This evidence well-supports the conclusions in the May 18 order. Defendant indicates that the psychiatrist he recently saw determined there were no immediate

---

[1]The May 18 order sets forth in detail the contents of the flyers, which defendant passed out using the name "Burt Olson." (R. 257 at 5-7.)

2

emergency causes for concern or need to medicate or commit defendant. (R. 258 at 8.) However, defendant does not claim that this psychiatrist denied any mental health issues or concerns.

**THEREFORE, IT IS ORDERED** that defendant's motion for reconsideration (R. 258) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge